ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
O. BENTON CURTIS III
Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice
FRED MEDICK
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
ALEXANDER F. PORTER
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California  90012
    Telephone: (202) 674-5653
    E-mail: alexander.porter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 12-905-R |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL |
| v. | |
| SRI J. WIJEGUNARATNE, HEIDI MORISHITA, | |
| Defendants. | |

**ORDER**

Defendant Heidi Morishita ("Morishita") filed a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c) on May 8, 2013. Defendant Sri J. Wijegunaratne ("Dr. J") joined in the motion on May 16, 2013.

On a motion for judgment of acquittal the Court views the evidence presented at the trial in the light most favorable to the verdict and must determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Furthermore, full play must be given to the right of the jury to credibility, weight of the evidence, and draw justifiable inferences of fact. See Gendelman v. United States, 191 F.2d 993, 995 (9th Cir. 1951). Thus, if the Government's evidence was sufficient to make the question of the alleged kickback conspiracy one of fact for the jury, then the defendant is not entitled to a judgment of acquittal.

First, Defendant Morishita, joined by Dr. J, disputes whether a rational jury could have found them guilty beyond a reasonable doubt on Count Thirteen of the First Superseding Indictment. Specifically, defendants dispute (1) the reasonableness of the inferences the Government argued that the jury should draw from the checks issued by Fendih to Morishita; (2) the admissibility, relevance, and credibility of Dr. Glover's testimony against her; and (3) the admissibility, relevance, and credibility of the statements made by the investigating agents.

The Court finds no error in the admission of the evidence admitted. Indeed, most of the defendants' objections are to the credibility of witness testimony and not the sufficiency of the evidence itself. However, credibility determinations are for the trier of fact to make, not the Court to make. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). For that reason, and the reasons stated at trial, the Court overrules defendant's objections to the testimony and evidence.

Second, after thorough review of the record, the Court finds that there was sufficient evidence to support the convictions for participating in a conspiracy to willfully receive kickbacks, in violation of 1320a-7b(b)(1)(A) & (2)(A). Unlike highly technical financial or tax regulations, the anti-kickback statute does not constitute a special exception to the rule that a jury must find a defendant guilty of violating a statute employing the word willfully if it believes that the defendant acted with knowledge that her conduct was unlawful. See United States v. Starks, 157 F.3d 833, 838 (11th Cir. 1998). And here, taking kickbacks is hardly the sort of activity a person might expect to be legal. Id.

Based on the evidence presented at trial, a rational trier of fact could conclude that it was proven beyond a reasonable doubt that defendants Morishita and Dr. J knowingly and willfully took payments from Fendih as remuneration for the prescriptions they sold. The evidence supports the convictions of defendants on Count Thirteen for participating in a conspiracy to willfully receive kickbacks.

Finally, defendant Morishita, joined by Dr. J, strenuously asserts that if there were any conspiracy proven at trial, it was only a conspiracy between Morishita and Fendih, or Dr. J and Fendih, but not a single larger conspiracy. Put otherwise, the defendants argue that this case involved several smaller conspiracies rather than one large conspiracy. See Kotteakos v. United States, 328 U.S. 750 (1946); United States v. Duran, 189 F.3d 1071 (9th Cir. 1999).

The Government asserts that the jury concluded that there was a single conspiracy, and the evidence submitted at trial supports that conclusion. The Court agrees that the jury could have rationally concluded that one conspiracy was proven beyond a reasonable doubt and not a multitude of smaller conspiracies. By its nature, a fraud like the one in this case cannot be achieved without the involvement of many individuals. There must be multiple doctors, multiple patients, and multiple recruiters in order to avoid detection and to fund the continual flow of kickbacks while awaiting approval and payment from Medicare. Thus, the jury could property draw the inference based upon the evidence that Fendih utilized a network of other doctors and recruiters.

It is immaterial that defendants Morishita and Dr. J never met each other. In distinguishing between cases where there are multiple separate conspiracies rather than one large conspiracy, the central inquiry is whether each defendant knew or had reason to know that her benefits were probably dependent upon the success of the entire operation. See Duran, 189 F.3d at 1080. Here, the jury concluded that defendants had reason

to know that their benefits, the kickbacks, were probably dependent on the success of the overall conspiracy, and the evidence supports that conclusion.

Moreover, this case is not like Kotteakos or Duran, as defendant suggests. In those cases, each conspiracy was self-contained or concluded before the involvement of other individuals. In contrast, this case involved the submission of many fraudulent prescriptions and the multitude of referrals over a lengthy time period without the withdrawal of any co-conspirator. Consequently, the evidence supports the conviction.

Further, even if a variance occurred at trial, the variance constitutes reversible error only if the defendants' substantial rights were prejudiced. See Duran, 189 F.3d at 1081. Here, the Court concludes that neither defendant has established that the variance would be prejudicial to their substantial rights because neither defendant has detailed how an evidentiary spillover affected the verdict against them.

For the foregoing reasons, the motion for judgment of acquittal on Count Thirteen is denied as to each of the defendants Morishita and Dr. J.

IT IS SO ORDERED.

 September 18, 2013  
DATE　　　　　　　　　　　　　　　THE HONORABLE MANUEL L. REAL  
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE